## CRANE *v.* WAGGONER and WIFE.

EXEMPTION.— *Wife.*—Where husband and wife are living together, and the property of the husband is not of the value of three hundred dollars, and the wife is the owner of property levied upon under an execution, and is the real debtor in the judgment and execution, she may claim exemption under the statute, 2, G & H. 367, of her said property to the extent necessary to make with her husband's property the amount of three hundred dollars protected by the statute.

APPEAL from the Bartholomew Circuit Court.

RAY, J—The appellees brought suit for partition in the

right of the wife against the appellant and wife, and also for use and occupation of the portion of the premises which should be set off to the appellees. Judgment was rendered for partition and for a certain sum for use and occupation. On appeal to this court, the money judgment was reversed, with costs. *Crane* v. *Waggoner*, 27 Ind. 52. Subsequently, the sheriff of Bartholomew county levied upon the portion of the real estate set off to Sarah C. Waggoner in the partition proceeding, to satisfy the judgment for costs. Sarah C. Waggoner thereupon offered to file a schedule of property owned by her, consisting of this real estate, upon which the levy was made, and averring that it was only of the value of one hundred and fifty dollars, and selected an appraiser and requested the sheriff to appoint another, to appraise the property. She also included a list of personal property filed by her husband as owned by him, amounting to fifty dollars. The sheriff, denying the claim of the wife to exemption under the statute, refused to receive the schedule and was about to proceed with the sale, when these proceedings were brought in the circuit court to enjoin further action under the levy. Said Sarah, after stating in her petition the above facts, alleges that she is the mother of four children, who reside with her and her husband; that she assists with her needle to maintain the family; and that the entire property owned by her consists of the real estate in question, whose value does not exceed one hundred and fifty dollars, and her husband's entire property is not worth over fifty dollars. A demurrer was filed to this petition, which was overruled by the court, and an order was granted enjoining the sale of the property.

It is insisted that this was error, and that the husband alone, as the head of the family, can claim the protection of the statute. Its language is as follows:

"Whereas, the constitution of the State declares that 'the privilege of the debtor to enjoy the necessary comforts of life shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale, for

the payment of any debt or liability hereafter contracted," therefore:

"Section 1. *Be it enacted by the General Assembly of the State of Indiana,* That an amount of property not exceeding in value three hundred dollars, owned by any resident householder, shall not be liable to sale on execution, or any other final process from a court, for any debt growing out of, or founded upon a contract, express or implied, after the fourth of July eighteen hundred and fifty-two." 2 G. & H. 367.

It will be observed that the clause of the bill of rights cited extends this protection to the "debtor," and that the act itself is intended to be a fulfilment of the duty therein imposed upon the legislature. The language of the law must therefore be construed with regard to the declared object and purpose to be accomplished, and effect given so far as reasonably can be to the constitutional declaration. The plain intent is to preserve a home or support for the family, and not for its head as distinguished from its members. Where, therefore, the husband and wife are living together, and the property of the husband does not reach the limit fixed by law, and the wife is the owner of the property levied upon and yet claimed as exempt, and is herself the real debtor in the judgment and execution, we must regard her claim to exemption as valid to the extent necessary to make, with her husband's property, the amount protected by the statute. The original cause of action was upon an implied contract for use and occupation, and although we could not sustain the recovery, still the action sounded in contract, and not in tort, and was, therefore, within the class of actions in which this exemption is allowed.

Judgment affirmed, with costs.

*F. T. Hord,* for appellant.