STRITE AXTELL, PLAINTIFF IN ERROR, v. THOMAS F. WARDEN, DEFENDANT IN ERROR.

1. **Exemption.** When the head of a family resides upon lands owned by him as a homestead, he cannot receive the benefit of the exemptions provided by section 521 of the code.

2. ———: HOMESTEAD. It is matter of no consequence whether the lands so occupied by him as a homestead have been entered under the homestead or pre-emption laws of congress, or under the act permitting purchase of lands, known as "offered lands."

3. ———: HOMESTEAD ON PUBLIC LANDS OF THE UNITED STATES. When a person has entered lands under the homestead act of congress, and has resided upon and cultivated the same over five years, and in all respects has complied with the requirements of the law, he is the real owner of such lands; the United States holds the legal title simply as trustee for such owner, without any interest in such lands, except a mere special interest for the amount of unpaid fees.

ERROR to the district court for Jefferson county. Tried below before WEAVER, J.

*John Saxon*, for plaintiff in error.

This plaintiff was within the statutory provisions. He was, it is true, the owner of various parcels of land in that county, but as none was *subject* to exemption as

a *homestead* under the laws of this state, he stood in the same position as though he had no lands, town lots, etc. A government "homestead" is a very different thing from a " homestead " under the laws of this state. It is not of the same nature or quality. It does not proceed from the same source, and a government home-steader does not and cannot claim it or anything per-taining to it under the laws of this state. The thing itself and all of its qualities, attributes, rights, perqui-sites, and privileges, proceed from and are governed and regulated by, not the laws of this state, but the United States. We take it to be conclusive against a person's claim to a government homestead, when it is shown or admitted as a fact that he is residing on lands or town lots which are subject to exemption as a homestead un-der the laws of the state. We are not aware of any holding that a residence or occupancy of a government homestead is a satisfaction of the provisions of the laws of this state.

*Brown, England & Brown*, for defendant in error, cited *Bellinger v. White*, 5 Neb., 401. 43 Tex., 199. *Hagenbuck v. Reed*, 3 Neb., 17. *Jarvis v. Hoffman*, 43 Cal., 315. *Kirkaldie v. Larrabee*, 31 Cal., 455. If the plaintiff had possession, use, and occupation of his homestead; if he held such homestead as owner under a valid legal contract; if upon his death his homestead would descend to his widow or heirs; if he was legally liable to pay taxes thereon, even without completing his proofs; if, more than that, he had power to pledge, mortgage, and even sell his homestead land, he must certainly be an owner of such homestead within the meaning of our statutes for the purposes of this action, and therefore not entitled to the exemption of $500 worth of personal property claimed, and the judgment of the district court in this action ought to be affirmed.

GANTT, CH. J.

Upon a judgment he obtained against the plaintiff in error, in the district court of the county, the defendant in error caused an execution to be issued, by virtue of which the sheriff levied on personal property of the plaintiff, on the 26th of June, 1876, and afterwards sold the same.

By an agreed statement of facts, it is admitted that the plaintiff is the head of a family, and that he filed an inventory of his personal property, as required by law, for the purpose of availing himself of the exemptions under section 521 of the civil code. It is also admitted that at the time the judgment was rendered, the plaintiff was the owner of two hundred and forty acres of lands in the county; that of these lands one piece of forty acres has been sold for taxes, and there was a lien on the same against Thomas Axtell, from whom he purchased the same; that pursuant to a verbal agreement previously made, he deeded one hundred and sixty acres of these lands, being the north-west quarter of section twenty-two, in township three north, of range two east, to his son. It is further admitted that, on the 28th of October, 1869, the plaintiff, under the act of congress, entered the north-west quarter of section twenty-one, in the township and range aforesaid, as a homestead, and has since that date continuously resided thereon, and did in all respects comply with the requirements of the homestead laws. Under this state of facts, the plaintiff in error insists that he was entitled to personal property exempt from forced sale on execution to the value of five hundred dollars; and brought this action in the district court to recover damages for selling the property so levied and sold upon the execution.

Section 521 of the code provides that "all heads of families, who have neither lands, town lots, or houses

subject to exemption as a homestead, under the laws of this state, shall have exempt from sale on execution the sum of five hundred dollars in personal property."

Now, according to the facts admitted, exclusive of the forty acres sold for taxes and the land deeded to his son, the plaintiff owned two hundred acres of lands, and resided on one hundred and sixty acres of these lands as his homestead. We think this fact is decisive of the case. The proposition that a person having secured a homestead under the acts of congress, by complying in all respects with the requirements of the laws, is entitled to have exempt from sale on execution personal property to the value of five hundred dollars, unless he owns other lands, lots, or houses also, as a homestead, cannot receive the sanction of the law. The law provides one homestead only for the head of a family, and while he resides upon and enjoys all the rights and privileges of such homestead, he cannot receive the benefits of the exemptions provided by section 521; these exemptions are designed for those only who own neither lands, town lots, or houses as a homestead. And it is matter of no importance whether the lands so occupied as a homestead have been entered under the homestead or pre-emption laws of congress, or under the law permitting the purchase of lands known as " offered lands."

The plaintiff in this case has continuously resided on his homestead over six years, and it is held in *Bellinger v. White*, 5 Neb., 401, that " by residing upon and cultivating the land for more than five years, he could complete his title at any time by making final proof and paying the fees required by law. The United States did not own the lands, but held them simply as a trustee, having no interest therein except a mere special interest for the amount of unpaid fees. The plaintiff was the real owner, and could not be deprived of the title except through his own neglect." And in *Cheney v. White*,

*Ibid*, 261, it is held that "the mere delay of the officers of the government, in such case, in issuing the evidence of the title—the patent—could not be held to deprive him of the right to make such disposition of the land, either by deed or mortgage, as he might desire."

Therefore, the plaintiff being the owner of the one hundred and sixty acres of land, upon which he resided as his homestead, he was not entitled to the benefits of the exemptions provided by section 521. He was, however, entitled to the benefits of the exemptions provided for in section 530, and for aught that appears in the record, he may have availed himself of the benefit of such exemptions.

Finding no error in the judgment of the court below, the same is affirmed.

JUDGMENT AFFIRMED.