THE STATE, EX REL. FRANK KAHOON, V. M. KRUMPUS.

1. **Property Exempt from Execution.** A debtor who is the owner of a house which he occupies as a homestead, although incumbered by a mortgage for all it is worth, is not entitled to the exemption provided for by sec. 521 of the code of civil procedure.

2. ———: ORDERED SOLD UNDER ATTACHMENT. The property of a debtor seized in attachment and ordered to be sold by the judgment of a court having jurisdiction of it, cannot be released as being exempt from execution as provided by secs. 522 and 523 of the code. [MAXWELL, J., dissenting.]

LAKE, CH. J.

A peremptory writ of mandamus having been awarded on an *ex parte* hearing and without the care that ought to have been observed, on application of the defendant a rehearing was ordered.

The application for the writ was based upon the refusal of the defendant, as constable, to proceed, at the relator's request, to have his property appraised, and that which was exempt from execution ascertained and set off to him, as provided by secs. 521, 522, and 523 of the code of civil procedure.

The first of these sections provides that: "All heads of families who have neither lands, town lots, or houses, subject to exemption as a homestead, under the laws of this state, shall have exempt from forced sale on execution the sum of five hundred dollars in personal property." In his affidavit for the writ the relator admits that he owns a small house or "shanty" in Omaha, in which he resides, but which is mortgaged for its full value. The fact of it being incumbered, however, does not take from it the character of a house or homestead, nor render it subject to attachment or sale on execution against his will. Clearly, therefore, he does not, by his showing, bring himself within

the class of persons for whom the five hundred dollars exemption was intended.

But there is another equally good reason why the writ ought not to go out. The property which it is sought to have released is not held by the defendant under execution, but by virtue of an order of sale duly issued in an attachment proceeding from a court of competent jurisdiction. It is in the custody of the law, and under the solemn judgment of a court, and so long as that judgment stands unreversed it is entitled to our respect in all collateral proceedings. When the property was seized in attachment, if the relator claimed and desired to hold it as exempt, he should have brought the matter to the attention of the court in whose custody it was, and thus have obtained its release; or, if he preferred to do so, he could at any time before final judgment against him have replevied it from the officer in whose possession it was. In principle, this case is not different from that of *The State, ex rel., v. Sanford,* 12 Neb., 425.

For these reasons our former order allowing the writ must be vacated, and the application dismissed at the costs of the relator.

WRIT DENIED.

MAXWELL, J., dissented from the last point.