LOWELL v. SHANNON ET AL.

1. **Homestead:** PARTLY OF HUSBAND'S LAND AND PARTLY OF WIFE'S. Where the dwelling house was situated on the wife's land, lying contiguous to land owned by the husband, and both tracts were occupied as a homestead, and the husband had disappeared, the wife could claim, as against his creditors, a homestead carved in part out of her own land, and in part out of her husband's.

2. ———: SHERIFF'S SALE, WITHOUT PLATTING, INVALID. In such case a sale by the sheriff, on execution against the husband, of the tract belonging to him, without first platting and setting apart the homestead, as demanded by the wife, was invalid:—Following *White v. Rowley*, 46 Iowa, 680.

3. ———: ———: HOW ATTACKED. It was competent for the heirs of the homestead owners, in such case, to attack such invalid sale by a cross-bill, in an action brought against them by the purchaser at such sale, to recover the land of them.

*Appeal from Black Hawk Circuit Court.*

TUESDAY, APRIL 17.

THE material facts in this case are as follows: Michael Woods and Catherine Shannon were married in 1865. At the time of the marriage, Catherine Shannon was, by a former marriage, the mother of Mary Shannon and Archibald Shannon, who were then minors. After the said marriage there were born to the parties thereto three children, who are now minors. In October, 1874, Michael Woods disappeared, and from that time to the present has never been heard from by his family or friends, and they do not know whether he is dead or alive. When Woods left his home, he was the owner in fee of sixty-three acres of land, and Catherine Woods, his wife, was owner in fee of sixty acres of land, adjoining the land of her husband, and which she acquired before her said marriage. Both of said tracts were used and occupied as one farm by the said parties, and from which they supported themselves and family. The dwelling house in which they lived was situated on the part of the farm owned by Catherine Woods,

but the land belonging to her was barren, and much of it untillable, and for that reason that portion of the farm belonging to said Michael constituted the chief means of support of the family. Neither of said parties ever had the homestead in said premises platted or set apart as provided by law.

After Michael Woods disappeared, the said Catherine remained upon said farm, with her children, and supported them from the proceeds thereof, until her death, which occurred in July, 1877. After the disappearance of Michael Woods, one Milks commenced an action against Woods, and sued out an attachment, and caused the same to be levied upon the said land of Michael Woods, and served said Woods with notice of the action, by leaving a copy with said Catherine, and, on such service, a judgment was recovered, and special execution was awarded for the sale of the land. Catherine Woods, being then in possession, gave written notice to the sheriff that she claimed a homestead right in the lands levied upon, and made a written demand that he should cause to be platted to her and set apart as a homestead that part of said land now claimed by the plaintiff. The sheriff disregarded said demand and notice, and sold the land to the plaintiff, who purchased the same with full knowledge of "such facts." This action was brought to recover the land of said minor children, and these facts having been submitted to the court by the averments of the answer and cross-bill, to which there was a demurrer by the plaintiff, the court held that the sheriff's sale was valid, and the said facts constituted no defense to the action. Defendants appeal.

*Boies & Couch*, for appellants.

*C. E. Ransier*, for appellee.

ROTHROCK, J.—I. In addition to the foregoing facts, it should be stated that the defendants in their cross-bill asked that the sheriff's sale and deed be set aside, and the defend-

ants' title be quieted, etc. We deem it proper to say this much in response to that part of the appellee's argument in which it is claimed that the sheriff's sale and deed cannot be attacked in a collateral proceeding. Upon the issues presented, the defendants by their cross-bill attack the sale in an as direct a manner as if they had by motion sought to set it aside before the deed was made.

II. The principal question, and indeed, as it appears to us, the only question in the case is this: may a homestead be claimed by a family in lands of the husband, as against the creditors of the husband, where the husband and wife own contiguous tracts of land, and occupy the two tracts as a homestead, with the dwelling house on the land of the wife? And we may as well proceed to the merits of the question at once, for the demand made by Catherine Woods to the sheriff that the land in controversy should be set off and included in the homestead, was just as valid a demand, so far as that question is involved, as if Michael Woods had been present and demanding the same thing. "The owner, or the husband or wife, may select the homestead, and cause it to be marked out and platted, etc." Code, § 1998. And if the right of homestead attached to the land of Michael Woods, a sale made by the sheriff without platting the same was invalid. *White v. Rowly*, 46 Iowa, 680.

It should further be stated that it is charged in the cross-bill that Michael Woods is dead, or that, if he be still living, he has not at any time in any manner waived his homestead rights in the land in controversy. These facts dispose of any claim which can be made that the defendants, his children, can make no claim to homestead rights. The claim and demand made by the wife to the sheriff operated for the benefit of the family as effectually as if made by the husband and father.

We come, then, to the merits of the controversy. If the dwelling house of the family had been located upon the land in controversy, there would be no question of the homestead

right, as claimed by the defendants. But, because the dwelling house is upon the land of the wife, it is maintained that the homestead cannot be made to embrace any part of the husband's land. It is true, Sec. 1994 of the Code provides that "the homestead must embrace the house used as a home by the owner thereof, etc." But the term "owner" cannot have much force in determining this question, because ownership as between husband and wife, is not a material question in determining homestead rights. The homestead is exempt from judicial sale, "whether owned by husband or wife," and either may make the homestead selection. Code, §§ 1988 and 1998. And it may embrace different lots and tracts, if they are contiguous. Sec. 1995.

Now, it appears to us to be entirely immaterial, so far as the rights of creditors are concerned, whether the legal title to the homestead be in the husband or wife, or whether one of them holds the legal title to one tract, and the other to another tract. The material inquiry is, what are the metes and bounds of the homestead, as a homestead; and there is nothing in the statute requiring that the title thereto should be in either the husband or wife. The object of the law is to secure to the family a homestead exempt from judicial sale, and, to attain this end, regard is had as to what particular forty acres of the farm is the homestead, rather than to the question whether the legal title to this part or that is in the husband or wife. We think the demurrer to the answer and cross-bill should have been overruled.

REVERSED.