O., N. & B. H. R. R. Co., v. Lamb.    Stout v. Rapp.

O., N. & B. H. R. R. Co., PLAINTIFF IN ERROR, v. BAR-
THOLOMEW LAMB, DEFENDANT IN ERROR.

---

JOSEPH F. STOUT, PLAINTIFF IN ERROR, v. GEORGE W.
RAPP, DEFENDANT IN ERROR.

1.  **Jurisdiction of Supreme Court.** The supreme court has
jurisdiction to review upon error the judgments and decisions
of the district court made upon appeal from the county court
in matters pertaining to the settlement of assigned estates.

2.  ——. The county court has jurisdiction, under the provisions
of section 34 of the act regulating the assignment of estates
(Compiled Statutes 1885, Chap. 6), to decide as to whether per-
sonal property is exempt from execution and whether it should
or should not be delivered to the assignee. Such enquiry does
not involve the question of the title to real estate.

3.  **Exemptions.** Where the title to the family residence is in the
wife, it is nevertheless the homestead of the family, and is ex-
empt from judgment or forced sale upon execution or other pro-
cess, and in such case the head of the family is not entitled to
the further exemption of $500 in personal property under the
provisions of section 521 of the civil code.

ERROR to the district court for Antelope county. Tried
below before TIFFANY, J.

*Thos. O'Day,* for plaintiff in error.

*N. D. Jackson* and *W. W. Byington,* for defendant in
error.

REESE, J.

In October, 1884, the defendant in error made a general assignment of his estate to the sheriff of Antelope county, for the benefit of his creditors. In his inventory he claimed certain property as exempt from execution and refused to deliver the same to the assignee. Plaintiff in error was chosen assignee as the successor of the sheriff. After his qualification he made an application to the county court for the purpose of having the assignor required to perfect his inventory and turn over to the assignee the property claimed to be exempt. Upon a hearing, the county judge decided that the property was not exempt, and required it to be delivered to the assignee. From this order the assignor appealed to the district court. Upon the hearing in that court the cause was submitted upon the facts found by the county court, which were admitted by the parties. These facts were as follows:

1. That on October 14, 1884, George W. Rapp made a voluntary assignment for the benefit of his creditors, to M. B. Huffman, sheriff of Antelope county, under the provision of an act of the legislature of Nebraska, approved February 26, 1883, entitled "An act regulating voluntary assignments for the benefit of creditors, proceedings thereunder, and to prevent the fraudulent violations of the same."

2. That on October 21st, 1884, said George W. Rapp, assignor, filed an inventory of the assigned estate, together with a list of property, consisting of a stock of burial cases and fixtures, claimed by him as exempt, with the county judge of Antelope county, according to the provisions of said assignment act.

3. That Joseph F. Stout was legally appointed and qualified as assignee of said estate, to succeed M. B. Huffman, sheriff.

4. That Joseph F. Stout, assignee, made legal application to the county judge, under the provisions of section

34 of said assignment act, to have the personal property claimed by said George W. Rapp as exempt, in his said inventory filed with the county judge, listed and turned over to him, Joseph F. Stout, assignee, as a part of the assigned estate.

5. That said property was in the possession of said Rapp, and claimed by him as exempt.

6. That said Rapp, responding to said application, filed with the county judge an inventory of all his personal property, being the same property as claimed by J. F. Stout, assignee, in above application as belonging to the assigned estate, renewing his claim to said property as exempt, and at the same time filing an affidavit stating that he was a resident of Antelope county, Nebraska, the head of a family, and had neither lands, town lots, nor houses subject to exemption under the homestead laws of Nebraska.

7. That the property sought to be recovered by said J. F. Stout, assignee, as a part of said assigned estate, and claimed by said Rapp as exempt, was the undertaking goods used and carried on in connection with his general business of furniture, and is of the value of $300.

8. That said George W. Rapp is a resident of Neligh, Antelope county, Nebraska, and the head of a family, and is the owner of neither lands, town lots, nor houses.

9. That Effie Rapp, wife of said George W. Rapp, is the owner in fee of certain village lots in the village of Neligh, Antelope county, Nebraska, with a dwelling-house thereon, occupied by said George W. Rapp and family as a residence, and he and family have resided thereon as a home for more than six months last past. Also that said Effie Rapp owns in fee a lot and business store building thereon, in Neligh, of the value of $1,500. That the residence property above mentioned was procured by Effie Rapp from her own separate property.

10. That the property in controversy herein claimed

by George W. Rapp as exempt, is claimed solely under section 521, page 599, Compiled Statutes of Nebraska.

Upon these facts the district court reversed the decision of the county court, and found the property to be exempt. From this judgment plaintiff in error prosecutes error to this court.

The first question presented for decision is raised by defendant in error, which is, that this court has no jurisdiction to review the decision of the district court—that the decision of that court in cases of this kind must be final. The contention upon this point is, that under the provisions of section forty-one of the act referred to (Compiled Statutes 1885, chap. 6), the district court is required to "dispose of the matter summarily, without or without pleadings, and upon hearing such testimony as may be offered, and shall make such order in the premises as may be just." That the clerk shall immediately certify the order to the county judge, and therefore the decision must be final. While it is apparent that it was the purpose of the legislature which passed the act referred to that questions arising out of the settlement of assigned estates should be disposed of as expeditiously as convenient, and without the delay of making up issues in the district court unless required by the exigencies of the case, yet we cannot conclude from the language used that it was the purpose of the law making power to prohibit review by the court of last resort.

Section 24 of article 1 of the constitution provides that, "The right to be heard in all civil cases in the court of last resort, by appeal, error, or otherwise, shall not be denied." It is an elementary rule of construction that laws passed by the legislature must be construed in the light of the constitution in force at the time of the enactment of the law. This being true it follows that the right to review causes of this kind upon error is not taken away by the section referred to.

Section 582 of the civil code provides that, "A judg-

30

ment rendered or final order made by the district court may be reversed, vacated, or modified by the supreme court for errors appearing on the record." Even though the constitutional guarantee above quoted had no application to cases of the kind at bar, yet we find nothing in the act of 1883 (Compiled Statutes, 1885, chap. 6) conflicting with this section which clearly gives the right of review to the unsuccessful litigant in the district court.

It is next insisted that " the county court had no jurisdiction to try or determine the question of exemptions." This objection is based upon the ground that as the county court cannot try a cause involving the title to real estate it had no jurisdiction to try the question as to whether defendant in error had a homestead within the meaning of the statute. We cannot agree with counsel for defendant in error upon this question. The question of *title* to real estate is not the question here involved. The court, proceeding under section 34 of the assignment law, may require the assignor to appear and submit to an examination under oath " as to all matters touching " his "estate or property ; its situation and amount    *    *    *    and may compel the completion or correction of any inventory made by the assignor, or assignors, and the delivery of any money, choses in action, or property belonging to the assigned estate to the assignee," and may enforce its orders made in the premises. By the homestead law (Compiled Statutes, chap. 36) " a homestead not exceeding in value $2,000, consisting of the dwelling-house in which the claimant resides, and its appurtenances, and the land on which the same is situated," etc., shall be exempt from sale on execution, etc. And by section 521 of the civil code it is provided that all heads of families who have neither lands, town lots, or houses subject to such exemption as a homestead, may have an exemption of $500 in personal property. Suppose a debtor is not the owner of any real estate, and under the proceedings provided by section 34 so testi-

fies, has the county court lost jurisdiction of the matter upon the ground that by hearing the testimony offered, that the assignor has "neither lands, towns lots, or houses" he is trying the question of title to real estate? Under the provisions of section 182 of the civil code a debtor may replevin personal property levied upon by an officer under an execution, and allege in his affidavit that the property "is exempt from such execution or attachment under the laws of this state." Suppose, after having filed the inventory required by section 522 of the civil code, the property having been appraised and selected by him, and released by the officer holding the writ, it is re-taken by the officer who arbitrarily refuses the possession to the owner, the owner brings replevin and comes into court and testifies that he has no lands, lots, nor houses, does the justice of the peace or county court lose jurisdiction because it is trying the question of title to real estate? It could not be so claimed. In the case at bar the question of the ownership of any of the kinds of property exempt as a home might be incidentally drawn in question, but question of title could not possibly be adjudicated thereby, even if the court had jurisdiction to try the question of title. What higher or greater right to real estate could a party have after such an adjudication than he had before? None whatever. The objection to the jurisdiction of the county court is not well taken.

The most important and to my mind the most difficult question presented by the record in this cause for decision is the third and last. That is, whether or not the defendant in error was entitled to the property in controversy as exempt from execution, and hence from the operation of the assignment. By the admitted facts it is clear that the defendant in error is not the *owner* of either lands, town lots, or houses subject to exemption, and that he is the head of a family. These things being true, he claims the property in controversy as being exempt under the provis-

ions of section 521 of the civil code. It is also admitted that his wife, Effie Rapp, is the owner of certain village lots in Neligh, with a dwelling-house thereon, occupied by defendant in error as a residence for himself and family as a home, and that he has so resided thereon for more than six months. This being true, it is insisted by plaintiff in error that he is not entitled to the exemption of personal property as provided in section 521, *supra*. Counsel have cited us to no case where the question here involved has been decided, and with the limited time at our command we have not been able to find any based upon a statute similar to ours. It therefore becomes necessary to examine the question in the light of our statutes, aided by such adjudications as will tend to assist in their construction.

Section 1 of chapter 36 of the Compiled Statutes is as follows: "A homestead not exceeding in value $2,000, consisting of the dwelling-house in which the claimant resides, and its appurtenances and the land on which the same is situated, not exceeding 160 acres of land, to be selected by the owner thereof, and not in any incorporated city or village, or instead thereof, at the option of the claimant, a quantity of contiguous land not exceeding two lots within any incorporated city or village, shall be exempt from judgment liens and from execution or forced sale except as this chapter provided." Section two of the same act provides that, "If the claimant be married the homestead may be selected from the separate property of the husband, or with the consent of the wife from her separate property. When the claimant is not married but is the head of a family within the meaning of section fifteen, the homestead may be selected from any of his or her property." The exceptions referred to in section one are found in section three of the act, which are debts secured by mechanic's, laborer's, or vendor's liens, and debts secured by mortgages executed and acknowledged by both husband and wife, or an unmarried claimant. It is also

provided by section four, " That the homestead of a mar-·
ried person cannot be conveyed or encumbered unless the
instrument by which it is conveyed or encumbered is exe-
cuted and acknowledged by both husband and wife."
While the act provides the method of claiming and setting
off a homestead, yet it is very apparent that such act of
claiming and setting off is not essential or necessary to
impress upon the property in which a debtor resides the
homestead character. By the first section of the act, it
may be observed, the property in which the claimant re-
sides "shall be exempt from judgment liens and from ex-
ecution or forced sale." This is an absolute exemption
made so by the fact of residence or occupancy. *State v.
Krumpus*, 13 Neb., 321. It is true that the homestead
character of the property may be lost by the voluntary act
of those entitled to the benefits of the law, and that the
rights conferred by the law may be waived in favor of the
debtor, but it is equally true that it cannot be conveyed or
encumbered by the act of one (if husband and wife are
occupying it) without the consent of the other, and this
without reference to which party holds the title.

It is evidently the purpose of the statute of this state
as well as all others having similar laws, that the home-
stead exemption shall not be so much for the benefit of the
person standing in the position of the head of the family
as for the family itself. This has been the holding of the
courts with but few exceptions. See Thompson on Home-
stead Exemptions, §§ 40 and 41, and cases there cited.
This view is further supported by sections 4 and 17
of the homestead law of this state. As we have seen
by section 4, the homestead of a married person cannot be
conveyed or encumbered unless the instrument by which
it is conveyed is executed and acknowledged by both hus-
band and wife; and section 17 provides that, " If the
homestead was selected from the separate property of either
husband or wife, it vests on the death of the person from

whose property it was selected in the survivor for life, and afterwards in his or her heirs forever, subject to the power of the decedent to dispose of the same, except the life estate of the survivor by will. In either case it is not subject to the payment of any debt or liability contracted by or existing against the husband and wife, or either of them, previous to or at the time of the death of such husband or wife, except such as exists or has been created under the provisions of this chapter." By these sections we find that the homestead right is one which exists in favor of both husband and wife, and as much in favor of the one having no title to it as the one holding the legal title. It is also an estate of inheritance which descends to the survivor. It may consist of the separate property of either the husband or wife. If the property occupied by the family as a home belongs to either one or all so living together, it comes within the statute and is exempt as a homestead. *Partee v. Stewart,* 50 Miss., 721.

Suppose the wife had been the debtor instead of the husband, there can be no doubt but that the homestead would have been protected. *Orr v. Shraft,* 22 Mich., 260. *Crane v. Waggoner,* 33 Ind., 83. *Tourville v. Pierson,* 39 Ills., 446–453. *Partee v. Stewart, supra. Murray v. Sells,* 53 Ga., 257. *Dwinell v. Edwards,* 23 O. S., 603.

A family is entitled to but one homestead. *Tourville v. Pierson, supra. Gambette v. Brooks,* 41 Cal., 84.

Section 521 of the civil code provides that, " all heads of families who have neither lands, town lots, or houses subject to exemption as a homestead under the laws of this state shall have exempt from forced sale on execution the sum of five hundred dollars in personal property." In order to secure the benefit of this section it must appear that the "head" of the family has no real estate exempt. If the head of the family has a home in which the family resides, the exemption provided for by this section does not exist. They cannot have both. *Axtell v. Warden,* 7

Neb., 182. If he had no homestead he would not only be entitled to this exemption but either party (husband or wife) might select it from the personal property of the husband. *Reegan v. Zeeb*, 28 O. S., 483. *Dwinell v. Edwards, supra.*

It is a well established rule of law that exempt property is not the subject of fraudulent alienation. If a husband causes the homestead to be conveyed to the wife it still remains the homestead although the title may be in the wife. *McMahon v. Speilman*, 15 Neb., 653. And the head of the family would not be entitled to the exemption of personal property provided for by sec. 521, *supra*. Otherwise by a simple conveyance to the wife the exemption allowed the head of a family might be increased to the extent of the $500 of personal property, which was clearly not intended by the legislature. But it is said the real estate of the wife in the case at bar, on which the family resides, was the separate property of the wife, procured with her own means, etc. We fail to see how that could change the result. In the case supposed, the wife could not convey nor incumber the estate so long as the family continue to reside thereon. Neither could the wife of defendant in error. In that case also the husband could not be deprived of his right of survivorship; clearly he could not in the case at bar. So far as the rights of creditors are concerned we are unable to distinguish any difference.

We therefore conclude that the head of the family has real estate "subject to exemption as a homestead under the laws of this state," and that he is not entitled to the exemption of $500 in personal property. It follows that the decision of the district court must be reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.