KENDALL *et al.*, *Appellants*, v. POWERS.

1. **Homestead: LIFE ESTATE.** The husband, as the head of a family, may have a homestead in a life estate, or in property, the title to which is vested in the wife.

2. **Homestead, Conveyance of.** One possessing a homestead can sell his interest therein and the purchaser will take the title of the grantor free from claims of creditors.

*Appeal from Linn Circuit Court.*—HON. W. H.
BROWNLEE, Special Judge.

AFFIRMED.

*A. W. Williams* for appellants.

(1)   Neither Cummins nor the defendant who claims
under him can question the validity of the conveyance
from Cummins and wife to Crampton, and from Cramp-
ton to Eliza Cummins, on the ground of fraud or want
of consideration.   As to them these conveyances are
valid.   *Jacobs v. Smith,* 89 Mo. 673; *Larimore v.
Tyler,* 88 Mo. 661, 668; Bump on Fraud. Conv. 444,
446, 533.   (2) The record discloses that C. G. Cummins
was the absolute owner in fee-simple of the property in
question, and while he was such owner, he and his wife,
Eliza Cummins, conveyed said property to Thomas
Crampton, Jr., by a deed of general warranty, and then
on the same day said Crampton conveyed back by deed
said real estate to said Eliza Cummins, and that she
thereafter on the same day died, leaving her husband
and six children, born of the marriage between her and
said C. G. Cummins, surviving her.   The said C. G.
Cummins then, upon the death of his wife, became
possessed of an estate for life, as tenant by the curtesy,
in and to the premises in question.   1 Wash. on R. P.
[2 Ed.] 129; Tiedeman on R. P. secs. 101–109; *Moore v.
Ivers,* 83 Mo. 29; *Stephens v. Hume,* 25 Mo. 349;
*Reaume v. Chambers,* 22 Mo. 36; *Alexander v. War-
rance,* 17 Mo. 228; *Keyte v. Peery,* 25 Mo. App. 394.
(3) The estate of said C. G. Cummins in and to said
property as tenant by the curtesy, was subject to sale
under execution against him.   R. S., sec. 2354; Free-
man on Ex., sec. 186; 1 Wash. on Real Prop. [2 Ed.]
143.   (4)   As tenant by the curtesy, the said C. G.
Cummins could not hold the said premises exempt from
levy and sale under execution under the homestead

laws.    "If a married woman own land by general title, occupying it as a homestead, and dies, leaving a husband and minor children, there is no provision of law for the continuation of the homestead in either the husband or children." *Keete v. Peery*, 25 Mo. App. 394 ; Thompson on H. and Ex. sec. 300 ; R. S., secs. 2689, 2693. And for two other reasons the said Cummins had no right to hold said premises as his homestead, as against the plaintiffs : (1) Because he had contracted the debt to plaintiffs before his title as tenant by the curtesy had accrued to him ; and (2) because he had no deed of record to the premises. R. S., sec. 2695 ; Thompson on Hom. and Ex., sec. 300 ; *Griswold v. Johnson*, 22 Mo. App. 466 ; *Shindler v. Givens*, 63 Mo. 394. (5) It follows from an application of the law, controlling this case, to the undisputed facts disclosed by the record, that the instructions asked by the plaintiffs and refused by the court should have been given, and that the defendant's instructions should have been refused, and judgment rendered for plaintiffs.

*J. B. Wilcox* for respondent.

BLACK, J.—This suit of ejectment was commenced on the fourteenth of November, 1884, to recover the possession of several lots in the town of Linneus, containing in all about an acre and a half of land, and valued at five or six hundred dollars.

The facts are these :    On the thirty-first of December, 1881, the plaintiffs obtained a judgment against C. G. Cummins for $787.09, under which the property was sold on execution and purchased by the plaintiffs on the twelfth of June, 1884. At the date of the judgment, Cummins had a wife and six children.    He then and for a long time previous thereto resided on the property.    On the twenty-second of November, 1881, a few days before the date of the judgment, he and his wife conveyed the property to Crampton, who at the

Kendall v. Powers.

same time conveyed it back to Mrs. Cummins, and she died on the same day.   In March, 1884, Cummins and his second wife conveyed the property to the defendant, and at the same time Cummins, as curator of his children, conveyed, or attempted to convey, their interest in the property to defendant.   There is evidence tending to show that these deeds were made as a security for money loaned Cummins ; other evidence is to the effect that the transaction was an out and out sale, with a right on the part of Cummins to re-purchase the property, if he desired to do so.

A few days after the execution of these last-mentioned deeds, Cummins, with his family, went to the state of Kansas, returning in December, 1884.   There is evidence that he left with the intention of returning, as he did.   He re-purchased the property and took possession after the commencement of this suit.

The plaintiffs do not seek to avoid the deeds or any of them for fraud or otherwise ; but they insist that after the death of Mrs. Cummins, her husband had an estate by the curtesy in the property, and that the lien of the judgment attached to that estate.   The deed to Crampton and from him to Mrs. Cummins simply vested the title in her.   Mr. Cummins was all the while the head of a family, and he continued to reside with his family in the property until a few days after the sale to the defendant, and the property was his homestead during all that time.   The law exempts from execution and attachment the homestead of every housekeeper or head of a family.   The husband as the head of a family may have a homestead in a life estate, or in property, the title to which is in the wife.   Thomp. on Homesteads, sec. 220.   It was the same homestead all the while.   The exemption is in no way affected by the fact, that during the time Cummins occupied the property with his family, the title became vested in his wife, nor by the fact that upon the death of his wife he became

entitled to an estate by the curtesy. Whether the debtor owns the fee, or has but a marital interest in the property, or a life estate, is a matter of no concern to the creditors, the debtor being the head of a family and the property his homestead. Be the interest whatever it may, it is exempted from sale under execution.

While the property stood exempt from sale under execution, Cummins could sell his interest therein and the purchaser would take whatever title he had free from any claim of the judgment creditor. *Davis v. Land*, 88 Mo. 436.

What has been said disposes of all the questions raised in this court. The judgment is, therefore, affirmed. RAY, J., absent; the other judges concur.