## HENDERSON v. RAINBOW.

**Homestead:** LIMITS OF: DWELLING-HOUSE ON LINE BETWEEN TWO TRACTS: EQUITABLE JURISDICTION. Action to enjoin the execution sale of a forty-acre tract of land, on the ground that it was plaintiff's homestead. But since the statute (Code, section 1994) requires that the homestead embrace the dwelling-house, and since plaintiff's dwelling-house was partly on the forty-acre tract in question and partly on an adjoining tract owned by his wife, *held* that the whole forty-acre tract was not exempt as a homestead, but that the homestead was partly on his land, and partly on that of his wife. Also, that the provisions of the statute relating to the marking out, platting and recording of homesteads gave plaintiff ample protection, without the interference of equity, and that his petition was properly dismissed.

*Appeal from Shelby District Court.*—HON. A. B. THORNELL, Judge.

FILED, DECEMBER 21, 1888.

ACTION in chancery to enjoin defendant, who is the sheriff, from selling certain land upon execution, on the ground that it is exempt from sale for the reason that it is plaintiff's homestead. Upon trial on the merits, the district court dismissed plaintiff's petition. He now appeals to this court.

*Smith & Cullison*, for appellant.

*Macy & Gammon*, for appellee.

BECK, J.—I. The undisputed facts of the case are these: The plaintiff owns forty acres of land, which adjoins one hundred and twenty acres owned by his wife. All the land is used as one farm. The dwelling-house was built by plaintiff partly upon the land owned by him, but the greater part is on his wife's land, the dividing line of the tract passing through the house. The

barn, cribs and some other farm buildings, with the well, are on plaintiff's land. No proceedings have been had to plat or set apart plaintiff's homestead.

II. The homestead must embrace the house used as a home by the owner. Code, sec. 1994. It need not be limited to one subdivision of land, but may be upon more than one. *Id.* sec. 1995. The plaintiff or his wife may select their homestead and cause it to be marked out and platted. *Id.* sec. 1998. The husband and wife have the same right to select a homestead upon the land of the wife, if it be occupied for homestead purposes, as they have to select it when the husband's land is occupied for such purpose; for the reason that the wife's land may be occupied as a homestead of the family. *Id.* sec. 1988. Under these statutes, it is plain that the homestead of the plaintiff was upon two subdivisions of land, one owned by his wife. It is clear that his homestead is not on his land alone. The homestead must include the dwelling. The dwelling is upon two tracts of land. The homestead, therefore, is to be selected and marked out upon both. If plaintiff may claim his forty acres as exempt, because a part of the house is on it, the wife may claim that her land is exempt for the same reason. It is very plain to our minds that plaintiff cannot have set apart as a homestead all of his land. The statute points out proceedings to be had in order to mark out, plat and record his homestead, which, as we have shown, is to be on both his land and the land of his wife. By pursuing these proceedings he will establish his homestead rights secured by the statute. He has a complete remedy at law. He therefore cannot seek relief in chancery. The district court rightly dismissed his petition.

AFFIRMED.