69    67
72    191

## J. D. POWERS *v.* M. S. SAMPLE ET AL.

HOMESTEAD. *Husband and wife. Land owned partly by each.* Code 1880, § 1248.

Under code 1880, § 1248, exempting one hundred and sixty acres of land to every citizen, "male or female, being a householder and having a family," the exemption may consist of two adjoining tracts, one the husband's and the other the wife's. The whole, if occupied by them as a homestead, and not exceeding $2,000 in value, will be exempt as against the debts of both.

FROM the circuit court of Holmes county.
HON. C. H. CAMPBELL, Judge.

Powers, Rawlins & Co., held a judgment against appellees, John A. Sample and his wife, M. S. Sample. Execution thereon was issued and levied upon eighty acres of land owned by M. S. Sample, and it was sold and bought in by the appellant, J. D. Powers. The husband, John A. Sample, owned eighty acres of land adjoining, and the house in which he and his family resided was situated thereon. Only about fifteen acres of this was in cultivation, while about thirty-five acres of the adjoining tract, owned by the wife, and levied on as stated, was in cultivation. The residence was situated near the dividing line, and both the eighty-acre tracts—not exceeding in value $2,000—were used and occupied by the family as a residence. At the time of the execution sale the land in question was claimed on behalf of the said M. S. Sample as exempt. Plaintiff brought ejectment to recover possession of the same, and the court below held that, inasmuch as the defendant, M. S. Sample, was entitled to claim it as exempt from execution, the plaintiff obtained no title. Judgment for defendant. Plaintiff appealed.

*Hooker & Wilson,* for appellant.

Under § 1248, code 1880, it may be that either the husband *or* the wife may be entitled to claim the homestead. The exemp-

tion is given to "every citizen of this state, male or female, being a householder and having a family." The husband, by virtue of his position in the family, has control almost exclusively in the selection and disposal of the property. In this case, the husband was the owner of eighty acres of land upon which the residence, gardens etc., were situated, and he was entitled to his homestead exemption. The wife could not also claim exemption in other land, unless she and the husband are each entitled to a homestead. It has been frequently held that both cannot have a homestead. Thompson on Homesteads, § 225; *Tourville* v. *Pierson*, 39 Ill., 446; *Gambette* v. *Brock*, 41 Cal., 78.

The lower court followed *Willis* v. *Matthews*, 46 Tex., 478, cited by Thompson in § 226; but in Texas the homestead seems to be given to the "family," differing from our statute. John A. Sample, owning eighty acres of land upon which he resided, should not claim a further exemption of eighty acres belonging to his wife simply because he might have held as exempt one hundred and sixty acres in his own right. The statute does not give the exemption to the family, but to the householder, male or female. Our law requires the husband's signature to all conveyances of the homestead if the title is in the wife. Mrs. Sample could have conveyed the land in question without the concurrence of her husband. In a case like this the statute exempts the property of one or the other of the householders, and only that part of the land occupied as a residence. The property of the other party is not exempt at all. Here John A. Sample was the householder, and only the eighty acres of land owned and occupied by him could be claimed as a homestead.

*Noel & Tackett*, for appellees.

It is no concern of creditors which member of the family owns the land claimed as exempt. If the property upon which the family resides belongs to either or all, the exemption may be claimed. Thompson on Homesteads, § 224.

It is the occupancy as a residence, and not the title, that the statute protects. *McGrath* v. *Sinclair*, 55 Miss., 89; *Steen* v. *Hamblet*, 66 *Ib.*, 112; *King* v. *Sturges*, 56 *Ib.*, 606.

Any interest or tenure other than that of a trespasser will support the right of exemption. *Pennington* v. *Seal*, 49 Miss., 518; *King* v. *Sturges* and *McGrath* v. *Sinclair*, *supra.*

CAMPBELL, C. J., delivered the opinion of the court.

The question presented by this case is not whether a husband and wife may each be allowed a homestead as against creditors, but whether a homestead—that is, land occupied as a residence and which, in quantity and value, does not exceed the limit prescribed by law—partly owned by each spouse is exempt, and we hold that it is. "It is no concern of the creditor to which member of the family the title belongs." If the title to both tracts of land had been in the husband or wife singly, the exemption would have been recognized, and it cannot be that the fact that each owned part of the land affects prejudicially their claim to exemption. *Partee* v. *Stewart*, 50 Miss., 717; *Lowell* v. *Shannon*, 60 Iowa, 713; *Crane* v. *Waggoner*, 33 Ind., 83; *Orr* v. *Shraft*, 22 Mich., 260; *Stout* v. *Rapp*, 17 Neb., 462.

*Affirmed.*