Merrimack, ?
June, 1895. ⟩

## FOLSOM *v.* FOLSOM.

The homestead right may be set off on the petition of the wife against her husband.

PETITION, for the set-off of a homestead. Facts found by the court. The defendant is the plaintiff's husband and the owner of the homestead, which is of greater value than $500. He owns no other real estate. Since 1881 the parties have not lived together, but the plaintiff has resided and now resides on the premises. The defendant claims that the petition cannot be maintained.

*Leach & Stevens*, for the plaintiff.

*Willis G. Buxton*, for the defendant. If the plaintiff can have a homestead set out to her, it must follow that the wife of every real estate owner could do the same. This would be a startling innovation upon the practice and understanding of the people of this state. A review of the statute law pertaining to the right of homestead shows a constant changing, enlarging, and extension of that right. At first it simply gave the right to the widow or wife and minor children of a debtor while she occupied the premises. Laws 1851, *c.* 1089; G. L., *c.* 138, *s.* 1. Then it gave a life estate to the widow and minor children of the owner. Laws 1868, *c.* 1, *s.* 33; *Cross* v. *Weare*, 62 N. H. 125; *Lake* v. *Page*, 63 N. H. 318. It was not until 1878 that the husband, or a single person, had a homestead in his own real estate, and then only upon the death of the wife and the children becoming of age. Laws 1878, *c.* 22. Now the language of the statutes would imply that the owner has a superior right to a homestead, being first named.

CARPENTER, J. The owner of a homestead right cannot convey or incumber it during the lifetime of his wife without her consent, or the approval of the judge of probate if she is not of

sound mind. She is entitled to occupy it during her life. P. S., c. 138, ss. 2, 4. A voluntary separation does not deprive her of the right to occupy it. *Meader* v. *Place*, 43 N. H. 307. It may be as important for her protection against her husband and those claiming under him, as for her protection against his creditors, that the homestead right be set off by metes and bounds (*Atkinson* v. *Atkinson*, 40 N. H. 249, 251), especially if the estate in which it exists is of greater value than $500; and hence the statute expressly provides that it may be set off on her petition. P. S., c. 138, s. 16.

*Case discharged.*

CLARK, J., did not sit : the others concurred.