(112 N. W. 965.)

---

OLE L. BREMSETH AND ANNA BREMSETH v. O. B. OLSON, SHERIFF OF TRAILL COUNTY.

Opinion filed Aug. 12, 1907.

**Homestead — Head of Family — Fee in Wife.**

> Under the constitution and laws of this state, the husband as the head of the family is entitled to claim as exempt from execution sale the homestead, although the fee thereto is vested in his wife.

Action by Ole L. Bremseth and Anna Bremseth against O. B. Olson, sheriff of Traill county. Judgment for defendant and plaintiffs appeal.

Reversed.

*E. P. Totten,* for appellants.

It is the homestead, not the head of a family, which is protected. Wilson v. Cochrane, 31 Tex. 678; Crane v. Waggoner, 33 Ind. 83; Stout v. Rapp, 23 N. W. 364.

The homestead exemption is not dependent upon any claim made as against a levy. Ferguson v. Kumler, 25 Minn. 183.

A liberal rule of construction of homestead statutes almost universally prevails. 9 Am. & Eng. Enc. (1st Ed.) 519; 21 Cyc. 461; Waples on Homesteads and Exemptions, 29; Folsom v. Asper, 71

Pac. 315; Broome v. Davis, 13 S. E. 749; Hixon v. George, 18. Kan. 253.

It makes no difference that the title is in the wife. Broome v. Davis, supra; Hixon v. George, supra; Powers v. Sample, 12 So. 337; Kendall v. Powers, 8 S. W. 793; Orr v. Shraft, 22 Mich. 260; Ball v. Lowell, 56 Tex. 579; Henderson v. Rainbow, 41 N. W. 29.

If wife instead of husband was the debtor, homestead would be protected. Orr v. Shraft, supra; Crane v. Waggoner, supra; Tourville v. Pierson, 39 Ill. 446; Partee v. Stewart, 50 Miss. 721; Murray v. Sells, 53 Ga. 257; Dwinnell v. Edwards, 23 Ohio St. 603; Stout v. Rapp, supra; Waples on Homesteads and Exemptions, 65; Thompson on Homesteads and Exemptions, 187.

*P. G. Swenson,* for respondent.

Husband is not entitled to exemption in wife's land. Davis v. Dodds, 20 Ohio. St. 473; Turner v. Argo, 14 S. W. 930; Barry v. Western Assurance Co., 49 Pac. 148; McGinnis v. Wood, 47 Pac. 492; Producers Natl. Bank v. Cumberland Lbr. Co., 45 S. W. 981; Bennett v. Georgia Trust Co., 32 S. E. 625.

Wife not entitled to homestead because not the head of a family. Producers Natl. Bank v. Cumberland Lbr. Co., 45 S. W. 981; Ness v. Jones, 10 N. D. 587, 88 N. W. 706.

FISK, J. This action was commenced in the district court of Traill county, the object of which was to obtain an injunction perpetually restraining the respondent, as sheriff of Traill county, from selling under an execution issued upon a judgment rendered in an action wherein one M. E. Acker was plaintiff and these appellants were defendants. The complaint alleged that appellants are husband and wife, and during all the times mentioned in the compaint were residing with their children upon the land described in the complaint, said real property being the family home; that the appellant Anna Bremseth is the owner in fee of the property in question, being 80 acres situate in Traill county, this state, worth and of the value of not to exceed $3,000, and that the same is farming land, and that the appellant Ole L. Bremseth during all the time mentioned in the complaint was and is the head of the family, consisting of his wife, himself and two children; that the defendant is sheriff of Traill county, and, as such sheriff, pursuant to an execution issued upon a judgment rendered in said action, had

levied upon said real property and had advertised the same for sale to satisfy such judgment; that said judgment was not obtained upon a debt secured by mechanic's or laborer's lien for work or labor done or improvements furnished for the improvement of said real property, nor was it obtained for a debt secured by a mortgage thereon, nor on a debt created for the purchase price thereof. A demurrer was filed to plaintiffs' complaint, upon the ground that such complaint fails to state facts sufficient to constitute a cause of action. An order was issued requiring the defendant to show cause why he should not be restrained, during the pendency of this action, from selling said real property under said execution, and a temporary restraining order was issued, but, upon the hearing of such order to show cause, the relief prayed for was denied and the temporary restraining order dissolved, and it is from this order that this appeal is taken.

The facts are not in dispute; the sole controversy being as to whether appellants, or either of them, are entitled to claim the real property in question as exempt. If the legal title to the property was in the appellant Ole L. Bremseth this controversy would not have arisen, but the respondent contends, and the trial court held, that because the legal title of the premises was in the wife, she not being the head of the family, such homestead could not be claimed as exempt either by the wife or by the husband. This contention is clearly erroneous, and must be overruled. The real property was the homestead of the appellants and their family, and the fact that the legal title was in the wife does not deprive the husband, as the head of the family, from asserting his homestead exemption. The real property in question was as much the homested of the husband as though he held the legal title, and it is clear to our minds that even if the wife, by reason of the fact that she was not the head of the family, could not claim said property as exempt, which we do not determine, the appellant Ole L. Bremseth could do so. The courts of a few states have held to the contrary, as we will hereafter notice, but the great weight of authority, as well as reason, are opposed to respondent's contention. It is firmly settled that the homestead exemption law is remedial in character, and should be liberally construed with a view of effecting its objects, and in our opinion it is a wholly unwarranted construction of our Constitution and statutes relating to the homestead exemption to hold that neither the hus-

band nor the wife can claim the property as exempt under the facts in this case. Section 208 of our Constitution provides: "The right of the debtor to enjoy the comforts and necessaries of life shall be recognized by wholesome laws, exempting from forced sale to all heads of families a homestead, the value of which shall be limited and defined by law." Pursuant to this constitutional mandate, the legislative assembly enacted a law providing that the homestead of every head of a family shall be absolutely exempt "from levy and sale upon execution and from any other final process issued from any court." Section 5049, Rev. Codes 1905. It is too plain for discussion that the object sought by the adoption of this constitutional provision, and by the enactment of this and similar statutes in other states, was to protect and preserve the home, not for the benefit of the head of the family, but for the benefit of the family as a whole. If such was not the intention, then why did the legislature restrict the operation of the exemption law to heads of families? Why was it not extened to all debtors? The answer is apparent. It was the protection of the family which was the purpose in view, and, this being true, it is the duty of the courts, in construing said provisions, to give effect to such plain intent. The fact that the legal title to this property was in the name of Mrs. Bremseth did not make it any the less the homestead of Mr. Bremseth, who was the head of the family. Respondent's contention to the effect that the head of a family cannot claim such homestead exemption unless he has the legal title is clearly unsound. It is wholly immaterial in whom the legal title is vested, provided it is the home of the family. It cannot possibly concern the creditor whether the title is in the husband or the wife. The statute (section 5050, Rev. Codes 1905) provides: "If the homestead claimant is married, the homestead may be selected from the separate property of the husband, or, with the consent of the wife, from her separate property." The construction contended for by respondent's counsel would completely nullify this statute, or greatly restrict the operation of its beneficent provisions. It must be conceded that under the express language of our Code, Mrs. Bremseth can neither alienate nor in any manner incumber this property, so long as it remains impressed with its homestead character, unless her husband joins with her in the execution of such conveyance, or in the execution of the instrument by which such incumbrance is created; yet the effect

of respondent's contention is that the wife, by contracting ordinary indebtedness, may enable her creditors, through judgment and execution, to just as effectually divest the family of such homestead as though she was given the right to do so directly by conveyance or mortgage. Such contention must be overruled. The opinion in Ness v. Jones, 10 N. D. 587, 88 N. W. 706, 88 Am. St. Rep. 755, relied upon by respondent's counsel, in no way sustains such contention. The question decided in that case was that the wife, not being the head of the family, could not claim her separate personal property as exempt. No such question as the one here involved was under consideration in that case, and hence the language there used can have no application to the proposition under consideration in the case at bar.

The few cases holding to the rule asserted by respondent are Davis v. Dodds, 20 Ohio St. 473; Turner v. Argo, 14 S. W. 930, 89 S. W. 443; McGinnis v. Wood, 47 Pac. 492, 4 Okl. 499; Producers' Nat. Bank v. Cumberland Lumber Co., 45 S. W. 981, 100 S. W. 389; Bennett v. Georgia Trust Co., 32 S. E. 625, 106 Ga. 578. Respondent also cites, as sustaining his contention, Barry v. Western Assurance Co., 49 Pac. 148, 19 Mont. 571, 61 Am. St. Rep. 530, but this case holds squarely to the contrary. The action was brought by the wife to recover under an insurance policy upon the dwelling house situated upon the homestead of the family, the title to which was in her. The money had been attached in the hands of the insurance company at the suit of her creditors and she sought to claim the same as exempt, but the court held against her contention for the reason that she was not the head of the family, but the court said: "It is clear to us that, if the property had been seized for a debt of Mr. Barry, he could have claimed its exemption as a homestead. It was the residence of his wife and children, and his home." The case of Davis v. Dodds, supra, was disposed of by a mere statement contained in one sentence, and the case of Turner v. Argo, supra, contains but a brief statement; no reason for the rule being given in the opinion in either case. Bennett v. Georgia Trust Co., supra, was decided under a statute which provided that "the property of every debtor who is the head of a family shall be exempt," etc. That case would be in point if our Constitution and Code had provided simply that the property of every debtor who is the head of a family should be exempt, instead of providing as it does. McGinnis v. Wood and

Producers' Nat. Bank v. Cumberland Lumber Co., supra, seem to hold squarely in favor of respondent's theory as to the proper construction of these statutory enactments, but they are, in our opinion, clearly unsound on principle, as well as opposed to the overwhelming weight of authority. As sustaining our views, see Stout v. Rapp, 17 Neb. 462, 23 N. W. 364; Crane v. Waggoner, 33 Ind. 83; Kendall v. Powers, 96 Mo. 142, 8 S. W. 793, 9 Am. St. Rep. 326; Powers v. Sample, 12 South, 337, 59 Miss. 67; Orr v. Shraft, 22 Mich. 260; Henderson v. Rainbow, 76 Iowa, 320, 41 N. W. 29; Partee v. Stewart, 50 Miss. 721; Lowell v. Shannon, 60 Iowa, 713, 15 N. W. 566; McPhee v. O'Rourke, 10 Colo. 301, 15 Pac. 420, 3 Am. St. Rep. 579; Folsom v. Folsom, 68 N. H. 310, 34 Atl. 743; Herring v. Johnston, 72 S. W. 793, 24 Ky. Law Rep. 1940; Hill v. Myers, 46 Ohio St. 183, 19 N. E. 593; Monroe v. May, Well & Co., 9 Kan. 476; Cipperly v. Rhodes, 53 Ill. 346; Dreutzer v. Bell, 11 Wis. 114; Waples on Homesteads and Exemptions, 65; Thompson on Homesteads and Exemptions, 187. The Supreme Court of Missouri in construing a statute very similar to our own in Kendall v. Powers, supra, said: "The law exempts from execution and attachment the homestead of every housekeeper or head of a family. The husband as the head of a family may have a homestead in a life estate, or in property, the title to which is in his wife. Thompson on H. & Ex. 220.  *  *  * Whether the debtor owns the fee, has but a marital interest in the property, or a life estate is a matter of no concern to the creditors; the debtor being the head of a family and the property his homestead. Be the interest what it may, it is exempted from sale under execution." This opinion commends itself to our judgment as a very sound and clear statement of the law upon this question, and we have no hesitancy in reaching the same conclusion therein announced. The other cases we believe to be equally in point.

We therefore decide that the trial court erred in making the order appealed from; and the same is therefore reversed, with costs to appellants. All concur.