GUS GILBERT v. EVELYN A. CASE AND ANOTHER.[1]

March 2, 1917.

Nos. 20,194—(289).

**Homestead exemption — verdict sustained.**

1. The plaintiff and his wife owned adjoining portions of a city lot. The house in which they lived was principally upon the land of the wife, but extended onto the land of the husband. It was used as a home for many years and the land of both was within the homestead area limit fixed by the statute. In a contest between the plaintiff and the defendants, claiming under an execution sale of the plaintiff's tract, it is *held* that a verdict finding that it was a homestead and exempt from execution is sustained.

**No error.**

2. There were no prejudicial errors at the trial.

**New trial — newly discovered evidence.**

3. There was no error in denying a new trial upon the ground of newly discovered evidence.

Action of ejectment in the district court for Carlton county and to recover $245 damages. The case was tried before Fesler, J., who when

[1]Reported in 161 N. W. 515.

plaintiff rested denied defendants' motion to dismiss the action and their motion for a directed verdict in their favor, and a jury which returned a verdict in favor of plaintiff for the recovery of possession and assessing his damages at $96.50. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*H. S. Lord* and *Walter L. Case, for appellants.*
*John Jenswold* and *John D. Jenswold,* for respondent..

DIBELL, C.

Action in ejectment. Verdict for the plaintiff. Defendants appeal from the order denying their blended motion for judgment or a new trial.

1. The plaintiff was the owner of all of a certain lot in Cloquet except the southerly 32 feet and the northerly 53 feet. This tract was about 15 feet wide and faced on a street to the east. The southerly 32 feet was owned by the plaintiff's wife. She also owned an adjoining tract to the west. There was a house principally on lot 1 and the tract to the west. It extended some 3 feet onto the plaintiff's land. It was built by the plaintiff as a home. Some two feet north of it was a frame building built by one to whom the plaintiff had leased. · The space between was roofed over and was used by the plaintiff for storage purposes in connection with the use of the house as we understand it. For some 15 years the plaintiff and his wife occupied the house as a home. While they were occupying it, a judgment was docketed against the plaintiff and his land was sold. The defendants claim through the sale. A finding that the 15-foot strip was the plaintiff's homestead was necessarily included in the verdict for the plaintiff. The principal question is whether the finding is sustained. If the plaintiff instead of his wife had owned the 32-foot tract, the right to a homestead under our decisions would not be open to question. That the land occupied was divided in ownership between the plaintiff and his wife is not controlling against the right of homestead. It was their home. In this state an occupant may have a homestead in an undivided interest owned as a tenant in common. Kaser v. Haas, 27 Minn. 406, 7 N. W. 824. Upon the same principle it is held that there may be a homestead in land occupied by husband and wife and owned by

them as tenants in common or as tenants by entireties. Lozo v. Sutherland, 38 Mich. 168; Cole v. Cole, 126 Mich. 569, 85 N. W. 1098; Simpson v. Biffle, 63 Ark. 289, 38 S. W. 345; First Nat. Bank v. McClanahan, 83 Neb. 706, 120 N. W. 185. There should be a right of homestead when the ownership is separate instead of in common. And the authorities seem to be to that effect. Powers v. Sample, 69 Miss. 67, 12 South. 337; Lowell v. Shannon, 60 Iowa, 713, 15 N. W. 566; Henderson v. Rainbow, 76 Iowa, 320, 41 N. W. 29; Gooch v. Gooch, 38 Okl. 300, 133 Pac. 242. In Henderson v. Rainbow the dividing line between the property of the husband and that of the wife passed through the house which was their home. If separate ownership prevents the acquisition of a homestead, neither the plaintiff nor his wife in a case of joint occupancy but divided ownership would have a homestead. But it is claimed that the used portion of the plaintiff's land was so small that it was not the subject of practical use and occupancy as a home. It was not used alone. It was a substantial part of the family home and differed only in extent from that owned by the wife. We do not attach particular importance to the statement of the wife that she did not claim a homestead in her 32 feet or of the plaintiff that he did not. Both are unlettered. The fact is undisputed that for 15 years before trial the house was their home. Upon this branch of the case we conclude that the evidence sustains the finding of the jury that the plaintiff's land was a homestead.

2. It is urged that there were errors at the trial requiring a new trial. We have examined all the assignments. They are not of a character requiring specific mention. Substantially all of them are directed to the charge. It fairly presented the issues. All questions which the parties sought to litigate were submitted to the jury. All the instructions asked by the defendants, proper to be given, were allowed. We find no error.

3. Nor was there error in denying the motion for a new trial upon the ground of newly discovered evidence. There is much to suggest that the building did not extend onto the plaintiff's tract, as is claimed, but that it encroached upon the street to the south. This was one of the issues at the trial and it was put to the jury. The newly discovered evidence relates to this issue. The finding that the building occupied several feet of the plaintiff's tract may not be entirely satisfactory—it was not to the

trial court—but the case was well tried by counsel and was presented to the jury fairly and their finding concludes the parties.

Order affirmed.