JUDGE HARDIN
delivered the opinion oe the court:
J. G. Herrin having in his hands, as constable of Lewis county, an execution for thirteen dollars and seven cents, against Daniel J. Carrington, in favor of S. B. Pugh, levied the same by direction of Pugh on a dun horse, the property of Carrington, on the 17th day of June, 1867, and although Carrington forbid the sale, claiming to be a housekeeper with a family, and that the horse was his only work beast, the officer sold the horse for forty-six dollars and five cents, and took the purchaser’s bond payable to Pugh for the whole of the price, although the debt of Pugh did not amount to half of that sum.
Afterwards, Carrington brought this action against both Herrin and Pugh, alleging a wrongful seizure and conversion of the horse, which he averred was worth eighty-five dollars, and he prayed judgment against the defendants jointly for one hundred and fifty dollars in damages.
The officer filed his separate answer, alleging that the action as t.o him was barred, by the execution by Pugh of an indemnifying bond, according to the provisions of chapter 6 of the Civil Code of Practice. And the defendant, Pugh, not controverting the facts that the plaintiff was a married man with a family, and that said horse was his only work beast, resisted a re *626 covery mainly on the alleged ground that the plaintiff had ceased to be a housekeeper by abandoning his family and living apart from them.
The case was submitted to the court for trial without a jury, and the court rendered a judgment for the defendants, from which Carrington has appealed to this court.
As to the responsibility of Herrin, it seems to us that, besides the fact that he transcended his authority by taking the sale bond to Pugh so as to include the excess of the price of the horse over the amount of the execution, he did not so comply with the provisions of the Code by taking and returning the indemnifying bond as to exempt him from liability, if the horse was not subject to the execution. In order to protect the officer from responsibility, by the execution of a bond, it must be taken before the sale is made, and he should return it to the proper office whence the execution issued. (Civil Code, secs. 709, 710, and 711.) In this case the bond áppears to have been taken after the sale was made, and it is not shown that it was returned, as required by the Code. It did not, therefore, in our opinion, constitute a protection to the officer, if he was otherwise a trespasser.
•' The only remaining question which we deem it necessary to determine, and upon which the liability of both of the defendants mainly depends, is, whether, at the time of the seizure of the horse under the execution, the plaintiff was a housekeeper with a family. As already suggested, it is not controverted that he had a family, and although it was proved, that, in consequence of some domestic difficulty, he had absented himself from his home, and was staying at the house of a sister when the horse was taken under the execution, there is no sufficient evidence in the record that he had ceased to- *627 recognize the residence of his wife and children as his home, or that any such change had occurred in his relations with them as could destroy or impair the peculiar rights which the law gave them in his property in consequence of those relations.
The object of the exemption being the benefit of the family of a debtor, by placing certain enumerated articles of propei-ty beyond the reach of creditors, the provisions of the statute should be fairly and liberally construed with reference to its object. And it would, in our opinion, do violence to the beneficent object of the law to so construe it as to allow a mere neglect or dereliction of duty on the part of the head of a family, even if it be a temporary abándonment of his home, to deprive the wife and children of the rights which it was intended by the statute to secure to them.
The plaintiff was, in our opinion, entitled to a recovery, and the court, therefore, erred in dismissing the action.
Wherefore, the judgment is reversed, and the cause remanded for a new trial, and for further proceedings not inconsistent with this opinion.