## J. M. HAND vs. M. J. WINN et al.

1. MARRIED WOMAN: *Separate Property. Mortgage thereof. Homestead exemption.*

The statute exempts from seizure and sale, under legal process, premises occupied as a residence by the head of a family. No ceremonies are required to mark out the estate and communicate notice to the public. The homestead does not come into existence, with new characteristics, by reason of anything done by the exemptionist, but the debtor holds the property by such title as he had, whether of freehold or term of years, with the privileges attached to it. The homestead is impressed with privileges, which must continue. These conditions are residence upon the premises as a home by the family. Abandonment of the premises destroys the exemption. But it must be without intention of returning. Temporary removal will not work a forfeiture. A married woman can assert an exemption against her creditors.

2. SAME: *Conveyance by married woman for separate debts of her husband.*

Both under the Code of 1857 and 1871 a married woman can, by the joint deed of herself and husband, convey her separate real estate; but no conveyance of the separate property of the wife for the debts of her husband shall be binding on the wife beyond the amount of her income. It is immaterial whether the conveyance be by deed in trust or mortgage; in either case the *cestui que trust,* or mortgagee, must work out the benefit of his security in a court of equity. Where a married woman executes a trust deed on her property for the separate debts of her husband, it is error to order the cancellation of the deed; the decree should place the property conveyed in the hands of a receiver, so that out of the income the debt may be paid.

APPEAL from the Chancery Court of *Clarke* County.

Hon. WESLEY DRANE, Chancellor.

The facts necessary for a full understanding of this case are fully set forth in the opinion of the court.

The following are the assignments of error, to wit:

1. The court erred in rendering the final decree.

2. The court erred in making the injunction perpetual.

3. The court erred in decreeing that the deed of trust be canceled.

4. The court erred in not placing the property in the hands of a receiver, and in not charging the defendant on the rents, issues, and profits of the mortgaged land.

*S. A. D. Steele*, for appellant:

A married woman is entitled to the homestead exemptions. Partee *v.* Stewart (MSS. Op.). There must be ownernship and residence on it with a family. She must have a fee, or at least a term. Her title to the land depends on the legal effect of the deed of trust. A married woman may convey her real estate. Rev. Code, 1857, § —, p. —, but she cannot incumber it for her husband's debts. Ib. Jointly with her husband she may sell or mortgage the income. Hill, Strange & Co. *v.* Irwin, 47 Miss., 675. It will be sustained to the extent of the income. Erwin *v.* Rice, Stix & Co. (MSS. Op.), she may mortgage her separate property jointly with her husband. Bank of Louisiana *v.* Williams, 46 Miss., 618. The debtor can mortgage or sell the homestead exemptions. 45 Miss., 274; ib., 408.

*Frank Johnston*, for appellee:

What legal effect is to be given to the trust deed of Mrs. Winn? She may convey jointly with her husband, so as to bind the income as security for her husband's debts. It is equally true that she cannot bind the *corpus* of her realty. Code of 1871, § 1778. This is a deed to hand, predicated on the debt of her husband, and is absolutely void. She attempted to convey the fee; this she had no capacity to do.

The contract, as contemplated, cannot be enforced by the trustee or by the court.

SIMRALL, C. J., delivered the opinion of the court.

Mrs. Winn, being the owner of the property in question, with her husband, executed a deed in trust to Hand, trustee, to secure a debt of her husband. The domicile of the family was upon the premises. It is contended, on behalf of Mrs. Winn, that under the statute she has a homestead exemption in the property, which would be destroyed and lost by the enforcement of the deed. That, she insists, would be quite as effectually accomplished by placing the property in the hands of a receiver, to gather in the income for the creditor, as it would be by an absolute sale. The statute in force at the date of this transaction exempted from seizure and sale, under legal process, premises occupied as a residence by the head of a family. No ceremonies or solemnities were required to mark out the estate and communicate notice to the public. The homestead did not come into existence, with new and peculiar characteristics, by reason of anything done by .the exemptionist, as provided for in the statutes of some of the states. But the debtor held the property by such title as he had, whether of freehold or term of years, with the privileges attached to it that, so long as he resided upon it with his family, it should be exempt from seizure and sale under judgment or decree. By the general statute all the property of the debtor, whether real or personal, is subject to debts. The exemption laws, founded in consideration of public good, to protect families from the consequences of the follies, extravagances, or misfortunes of their heads, prohibit creditors, by seizure and sale under legal process, from ejecting their families, and retain to them their homes. The exemption laws make an exception, and reserve from liabilities and debts certain property owned by a particular class of debtors. The homestead is impressed with this privilege and immunity upon

conditions, which must continue in order to perpetuate the privilege. These conditions are residence upon the premises, as a home, by the family. If, therefore, the home is abandoned, the immunity is lost, and the property is open to creditors. A temporary residence elsewhere will not work a forfeiture. There must be a removal with intention of abandonment. If the exemptionist may be said to have a homestead estate, determinable upon condition subsequent, the idea is the same, viz., that he loses the privilege of holding and enjoying, and incurs its loss, by abandonment.

The exemption is from " seizure and sale under any execution, judgment, or decree founded on any contract or liability, * * *" etc. The protection is against creditors, who cannot seize and sell under process founded on judgments and decrees. The exemptionist holds and enjoys by virtue of his title, whatever it is. There is no prohibition or limitation, under the statute of 1857, upon his dominion over the title; by his own voluntary act he may sell and convey. Whitworth v. Lyons, 39 Miss., 674. It may be conceded that Mrs. Winn, under the authority of Partee v. Stewart (MSS. Op.), might successfully assert an exemption against her creditors, and, so long as she observed the conditions, hold them off. But she can convey her separate real property, by joint deed of herself and husband, and, under the statute of 1857, she may convey and incumber, to the extent of the income, for the separate debts of the husband. That was the single question involved in Irwin v. Hill, Strange & Co., 47 Miss., 676. Although the deed conveyed the entire estate, it was limited in its effect to the income, and, that it might have that and no greater operation, the property was ordered to be placed in the hands of a receiver to control the income. To the same effect is Erwin v. Rice, Stix & Co. (MSS. Op.). The doctrine of these cases is that the statute of 1857, reënacted in § 1778 of the Code of 1871, imposed a restriction and limitation upon the power, which the *feme covert* theretofore had, of incumbering or conveying her separate property for the separate debts

of the husband. The words are, " no conveyance or incumbrance for the separate debts of the husband shall *be binding* on the wife, beyond the amount of the income ;" as if the legislature had said, although the wife may convey or incumber her entire estate by the literal import of the deed, " it shall not be binding on her beyond the amount of the income."

Following the interpretation which had been uniformly put by this court on the exemption laws—that they merely imposed an immunity upon the homestead of the head of the family so long as he chose to occupy as a home and residence, and, subject to that privilege, he could abandon by taking up a residence elsewhere, or by sale and conveyance—it was held, in Thoms *v.* Thoms, 45 Miss., 274, and Parker *v.* Dean, ib., 408, that the administration of the homestead, and the power over the title, remained in him. Subsequent legislation has wisely restricted his power in that respect. But that legislation has no application to this case.

We think there is nothing in the objection made by counsel that the incumbrance executed by Mrs. Winn is a deed in trust, instead of a mortgage. Under our decisions they are alike in respect of both being securities for the debt. The former usually (as in this instance) communicates a power of sale to the trustee. The same power may be conferred upon the mortgagee. Both transfer the title of the grantor. At law the legal title becomes absolute in the mortgagee after condition broken. It passes to the trustee, but his authority to sell does not arise until default made in payment of the debt. A court of chancery regards both in the same light—as securities for the debt, and as passing; with all their benefits, to the assignee of the debt. There is no more technical difficulty in the way of a court of equity limiting the operation of the deed in trust to the income of the property, than a mortgage. It may be that in either case the *cestui que trust*, or mortgagee, must work out the benefit of his security in a court of equity.

The relief sought by the complainants, Winn and wife, was

a perpetual injunction of the sale about being made by the trustee, and cancellation of the deed of trust.

We think it was entirely proper to have restrained the sale, because the conveyance did not have a larger effect than to incumber the income.

It was erroneous, however, to have declared the deed in trust to be void, and to have ordered the cancellation.

The decree ought to have restrained the trustee from selling, but without prejudice to the right of the appellants, by appropriate suit to subject the income of the mortgaged property to his debt.

Decree reversed, and cause remanded to the chancery court for decree to be there rendered in accordance with this opinion.