Hon. William H. Hunt, } Associate Justices.
Hon. Horace R. Buck, }

---

ELIZABETH BARRY, Respondent, *v.* THE WESTERN ASSURANCE CO., Appellant.

(Submitted May 24, 1897. Decided June 1, 1897.)

*Homestead Exemption—Head of a Family.*

A HUSBAND who lives with his family is the "head of the family," and this relation cannot be destroyed by his failure to support his wife and children, or by the mere fact that he quarrels with his wife and occupies a different bed.

*Appeal from District Court, Silver Bow county. W. O. Speer, Judge.*

Suit by Elizabeth Barry against the Western Assurance Company on an insurance policy. From judgment for plaintiff, defendant appeals. Reversed.

Statement of the case by the justice delivering the opinion.

The plaintiff (respondent) sued the defendant and appellant to recover $1,000 alleged to be due and owing on account of an insurance policy issued by the defendant company to plaintiff upon certain property in Meaderville, which said property plaintiff claimed as a dwelling house and homestead.

It is conceded that the house was destroyed by fire about September 20, 1893. The defense raised by the answer was to the effect that about September 25, 1893, certain creditors sued the plaintiff, and issued writs of attachment, and attached all moneys in the possession of this defendant and its agents (in the manner provided by law) belonging to plaintiff, and thereafter recovered judgment against the said Elizabeth Barry, and issued executions, and that thereafter the defendant company paid over to the sheriff under the executions all moneys which might be due under the policy.

In her replication plaintiff alleges that she is now, and has been for many years, a married woman, and a sole trader and the head of a family; that she built and constructed the house which was destroyed by fire, and upon which she procured the insurance, out of her own earnings; and that she claimed the premises as a homestead.

There was a trial and judgment in favor of plaintiff. The defendant moved for a new trial, which motion was overruled. From the judgment and order overruling the motion for a new trial, defendant appeals.

*Chas. R. Leonard* and *J. W. Cotter* for Appellant.

*W. S. Shaw,* for Respondent.

HUNT, J.—The plaintiff's principal contention is that the money due to her under the insurance policy was exempt

from levy by attachment in the hands of the company because the house destroyed was her homestead, and because she was the owner thereof and was the head of a family. The appellant, on the other hand, argues that plaintiff was not the head of a family, and was not, therefore, entitled to claim a homestead exemption. If, therefore, the privilege of claiming exemption of the property destroyed as a homestead is available to plaintiff at all, it is because the evidence has established her headship of the family. We are thus obliged to look into the facts to ascertain whether her relation as the head of the family was established. In doing this we shall only regard the plaintiff's testimony.

It appears that Mrs. Barry and her husband had been married for 32 years before this suit was tried, and lived and cohabited together until the last eight years before the fire destroyed the property involved in this suit. They had a large family, including four minor children. Mrs. Barry appears to have been an industrious woman, and in the later years of her married life to have been the main support of the children. The husband, Barry, was evidently a lazy man, content to allow his wife to do most of the work whereby a support was obtained for his wife and children. To use his own language on this point : ''She managed to support them. I thought it was all right anyhow.'' At times he was away mining, but returned at intervals, and lived with his family, although during the past eight years he did not sleep in the same house with his wife, but had a bed in a little cabin in the end of the yard back of the main house. He admitted the knowledge of his obligation to support his family, and that it was his own fault to a great extent that he had not been steadily at work, and said that he often had ''little spats'' with his wife, and would leave because his presence was not wanted. The house which was burned seems to have been kept for a time as a boarding house by Mrs. Barry, and the debts for the payment of which the insurance money was attached were contracted by her. She was a sole trader and doing business on her own account. The insurance was originally written in

the name of her husband, James F. Barry, but it was afterwards transferred to the plaintiff in this suit.

Under this evidence we do not think Mrs. Barry can be held to be the "head" of the Barry family, as the term is used in the statute exempting homesteads. Ordinarily the husband is the head of the family. He is the parent, if living, whom the law first recognizes as having a right to have a home for his family protected and secured. From the natural relation existing between husband and his wife and children, there arises a duty upon him, both moral and legal, to support his family ; but his legal headship of the family cannot be destroyed because of a mere dereliction of duty on his part. It is clear to us that, if the property had been seized for a debt of Mr. Barry, he could have claimed its exemption as a homestead. It was the residence of his wife and children, and his home. There was no such change in his relations with his family as would impair his homestead rights. *Carrington* v. *Herrin*, 4 Bush, 624. The circumstance that Barry was not on the best terms with his wife, and occupied a different bed, even when considered with his general indisposition to support his family, cannot change the law. It was an unhappy family ; that is all ; but the husband was none the less the head of it.

The order denying a new trial, and the judgment, are reversed and the cause is remanded.

*Reversed and Remanded.*

PEMBERTON, C. J., and BUCK, J., concur.