GEORGE *et al.* v. ADAMS.*

(Division B. Feb. 14, 1927. Suggestion of Error Overruled March 28, 1927.)

[111 So. 829. No. 26224.]

1. TRUSTS. *Married daughter over twenty-one living apart from father, is not member of his family, entitled to support from income of trust for support of his family.*

Where a property owner conveys property in trust to trustees, with directions to them to apply the income, rents, profits, and proceeds of every kind, in their discretion, "to the support of myself and family, and the payment of any debts which I now owe," a daughter who has reached the age of twenty-one years,

and who is married and living with her husband, apart from her father, is not a member of her father's family, and is not entitled to support out of the trust funds.

2. TRUSTS. *Son is entitled to support from trust fund for benefit of father's family until he reaches majority.*

Where, in such case, the father dies leaving a minor son, such son a member of his father's family until he reaches the age of twenty-one years, and is entitled to support and education out of the trust funds. ·

3. TRUSTS. *Son, after reaching majority, is no longer entitled to support from trust fund for benefit of father's family.*

After such son reaches the ·age of twenty-one years, he ceases to be a member of his father's family within the meaning of the trust instrument, and is not entitled to receive his support and education out of the trust funds.

---

*Corpus Juris-Cyc. References: Family, 25CJ, p. 667, n. 94, 96; p. 668, n. 99; p. 669, n. 53; Trusts, 39Cyc, p. 198, n. 36.

APPEAL from chancery court of Leflore county.

HON. HARVEY MCGEHEE, Chancellor.

Suit between J. C. Adams and Kate and Frank Aldridge George. From the judgment below, Kate and Frank Aldridge George appeal. Affirmed in part, and reversed in part.

*T. C. Catchings, R. L. McLaurin* and *H. C. Mounger,* for appellant.

I. The appellant contends that the property conveyed in trust was subject to the control of the trustees and was for the support of Mr. George and his family, and that when Katherine George married J. C. Adams, she ceased to be a member of the family of P. S. George and, therefore, whatever sum was paid out by the trustees to her after her marriage was improperly paid and should be charged against her estate. · When Katherine married Adams, she ceased, according to well-settled rules of law, to be a member of her father's family. *Pearson* v. *Miller,* 71 Miss. 381; 25 C. J., page 668, note 99; *Goss* v. *Harris,*

43 S. E. 743; *Phelps* v. *Phelps* (Mass.), 10 N. E. 455; *Wood* v. *Wood* (Conn.), 28 Atl. 521; Anderson's Dictionary of Law, where the word *family* is defined in many different ways.

The trustees after the death of P. S. George advanced to Aldridge George a minor, nine thousand one hundred and fifty-nine dollars for his support and education, until Aldridge George became twenty-one. Inasmuch as Katherine ceased to be a member of the family, the deed should be construed as though the trustees were instructed in terms to use the income for the support and maintenance, until his maturity, of Frank Aldridge George, he then being the only member of Mr. George's family, Mrs. George having had a partition so that she had acquired her one-half of the *corpus*. This is the true construction of the deed.

Frank Aldridge George having reached the age of maturity, a partition should be made. But in this partition it is perfectly clear that the sums advanced by the trustees to the support and education of Frank Aldridge George are to be regarded as having been paid out of the income as required, and should not be charged against his half interest in the *corpus* of the property.

The chancellor erred in attempting to charge this nine thousand one hundred fifty-nine dollars to Frank Aldridge George.

II. Frank Aldridge George had not completed his education when he arrived at the age of twenty-one. The trust imposed upon the trustees, which they accepted and which they continued to carry out after the death of Mr. P. S. George, was to support his family and this, we submit, includes the responsibility of completing the education of his son in a reasonable way. If the sum of six thousand four hundred twenty-five dollars was expended for a *bona-fide* purpose to complete his education, we submit that this is a privilege which the trustees should have conceded and one to which the husband of his deceased sister should not object.

*Wilson, Gates & Armstrong* and *Lake Hays,* for appellee.

I. The trustees were not wrong in charging Aldridge George's share entirely with the six thousand four hundred twenty-five dollars that he had drawn and spent in his support and education between the time he was of age and the time of partition. No support is invoked from the conveyance or its construction that lends color to the idea that the trustees were to support and educate Aldridge George after his arrival at majority out of any other share but his own, and we submit that none can be found.

II. Another objection is to the decision of the chancellor by which he refused to charge the whole estate with nine thousand one hundred fifty-nine dollars furnished to Aldridge George after the death of his father and which it is said he used in his support before he became twenty-one.

The argument advanced by counsel for the appellant is that the trustees held the *corpus* of the property for the benefit of Mrs. Adams and Aldridge George, but did not hold the income of the property for the benefit of Katherine George until her brother became twenty-one years of age. They say the income was held to be used for the benefit of Frank Aldridge George and that the interest of Katherine George Adams was restricted, when she ceased to be a member of the family, to a half interest in the *corpus,* of which she could obtain the possession only after her brother had reached the age of twenty-one.

There is not quoted, nor does there exist, any provision in the deed which limits or qualifies Mrs. Adams' interest, or Aldridge George's interest for that matter, after the death of P. S. George. The deed negatives it and the court has so decided.

III. The only remaining proposition urged by appellants is that Mrs. Adams' interest should be charged

with one thousand seven hundred twenty-five dollars drawn by her for support after her marriage and before her father's death, when her husband was attending a medical school in New Orleans.

This proposition depends upon the meaning of the word "family" as used in the deed. Counsel for appellant urged the narrow and limited meaning given to the word in exemption statutes and other cases which bear no analogy to the case under discussion. But the deed itself, in the light of the circumstances under which it was written, furnishes great light on the subject.

It seems plain that Mr. George did not apply it in its restricted sense, but used the "family" as a comprehensive term that included the objects of his gift, who were thenceforth the real owners of the estate, and himself.

ETHRIDGE, J., delivered the opinion of the court.

This case was here on a former appeal, and is reported in 141 Miss. 144, 106 So. 359, where a statement of the case then before the court and the instrument of trust are sufficiently set forth for an understanding of the issue on this appeal.

The trustees filed a final account in the chancery court, showing receipts and disbursements under the instrument of trust. The report showed a charge of one thousand seven hundred twenty-five dollars by the trustees to Katherine George Adams, the daughter of P. S. George, which was paid to her during the lifetime of P. S. George, but after she had reached the age of twenty-one years and married J. C. Adams, and was living with him in the city of New Orleans, La. This account was excepted to by appellee on the ground that she should not be so charged, on the theory that by her marriage and living with her husband in New Orleans she ceased to be a member of the family of her father, P. S. George, within the meaning of the trust instrument. She had subsequently

died, and Dr. J. C. Adams, her husband, inherited her interest in the property conveyed by the said trust instrument.

The second exception, filed by Dr. J. C. Adams, was to the allowance by the trustees of nine thousand one hundred fifty-nine dollars to Frank Aldridge George, money advanced to him after the attainment of his majority for support and for the completion of his education. The third exception, filed by appellant, was to the charge by the trustees to Frank Aldridge George of six thousand four hundred twenty-five dollars, money advanced to him after the death of his father, P. S. George, and before the attainment of his majority, for the purpose of support and education.

The chancellor overruled the exception of Frank Aldridge George to the allowance of one thousand seven hundred twenty-five dollars to Mrs. Katherine George Adams, above stated.

By the trust instrument it was provided that, during the life of the grantor, P. S. George, the grantees and trustees "shall apply the income, rents, profits, and proceeds of every kind, in their discretion, to the support of myself and my family, and the payment of any debts which I now owe." By another provision of the trust instrument it was provided that:

"The said grantees are to hold said property herein conveyed as follows: One undivided half for my wife, Kate D. George, and one undivided half for my daughter, Katherine George. Should any children be hereafter born to me, such child or children shall share equally with my daughter, Katherine George, in the one-half held by said grantees for her, as aforesaid. If I survive my said wife, the interest herein declared for her benefit shall revert to me. If any child or children shall be hereafter born to me, and shall die before I do, the interest of such child or children shall revert to me."

Another provision of the trust instrument was:

"If I should die before my said wife, she may ask for and have partition of said property, and upon her application in writing to said grantees, for such partition, they shall within three months, unless said application be before that time withdrawn, proceed to set apart to said Kate D. George one-half of said property in fee simple, and shall make her a deed thereto."

The wife elected to take the benefit of this provision subsequent to the husband's death, and her one-half interest in the proceeds was awarded to her.

Another provision was that:

"When the youngest of any children which may be hereafter born to me, or if no child or children shall be hereafter born to me, then when my said daughter shall attain the age of twenty-one years, if I shall not then be living, said property herein conveyed or any property hereafter purchased by said grantees as hereinbefore provided, shall be partitioned, and to each of the beneficiaries shall be set apart by the grantees herein, as hereinbefore provided for partition in the case of said Kate D. George, their respective interest in said property as herein declared. If I should be living at the time of the happening of said event, said property shall not be partitioned until after my death, and upon my death same shall be partitioned as hereinabove provided."

It will be seen from these provisions that the income of the property conveyed to the trustees was to be used for the support of P. S. George and his family, and for the payment of his debts existing at the time of the making of the trust instrument. This property conveyed in trust was to be partitioned only as between the children, on the youngest child becoming twenty-one years of age.

The first question for our consideration is whether or not Mrs. Katherine George Adams was, at the time the advancements were made to her, a member of the family of P. S. George, she at that time being married and living with her husband apart from her father. We think that, when a daughter marries and lives with her

husband, apart from her father, she certainly ceases to be a member of her father's family, but unquestionably becomes a member of the family of her husband. We think this fact is established in the case of *Pearson* v. *Miller,* 71 Miss. 381, 14 So. 731, 42 Am. St. Rep. 470, in which case a family was described as being "a collection of persons living together under one head." See, also, *Goss* v. *Harris,* 117 Ga. 345, 43 S. E. 734; *Phelps* v. *Phelps,* 143 Mass. 570, 10 N. E. 455; *Wood* v. *Wood,* 63 Conn. 324, 28 A. 521, and cases cited therein. We therefore think the chancellor was in error in not charging this allowance to Mrs. Katherine George Adams to her separate interest in the property.

In reference to the account incurred for the support and education of Frank Aldridge George after his father's death and before he reached the age of twenty-one years, we think that he continued to be a member of the family of his father, subject to be supported and educated out of the funds arising from the use of the property in the hands of the trustees. The fact that Mrs. George elected to take her separate interest did not prevent the minor children of the deceased remaining members of the family, and entitled to support and education out of the funds derived from the trust estate, and Frank Aldridge George should not have been charged separately with this amount from his interest in the funds. These expenditures will be paid out of the funds in the hands of the trustees derived from the trust property. Therefore the chancellor's findings as to this item will be reversed.

We think the chancellor was correct in holding that the money paid for the support and education of Frank Aldridge George after he arrived at the age of twenty-one years was to be charged to him separately, and not from the trust funds before a division thereof among the beneficiaries. The judgment of the court will be affirmed as to the items expended after Frank Aldridge George became twenty-one years of age, but will be reversed as

to the other items and judgment entered here in accordance with this opinion.

*Affirmed in part, and reversed in part.*