## In re LOGAN.

### No. 3078.

District Court, S. D. Mississippi, Jackson
Division.

Oct. 1, 1932.

L. A. Smith, of Hattiesburg, Miss., for
petitioner.

Powell, Harper & Jiggitts, of Jackson,
Miss., for the trustee.

HOLMES, District Judge.

The bankrupt, a married woman, living
with her husband, claimed as exempt, in the
schedules filed with her petition in bank-
ruptcy, certain shoes of the asserted value
of $250. The shoes were part of a stock of
goods in the People's Store owned by her.
By agreement they were sold by the trustee
for $465 and her claim transferred to the
proceeds.

From the date she purchased the store
until the present time, Mrs. Logan has been
in ill health, and, due to her physical disa-
bility, employed her husband at a salary of
$150 per month to manage the business.
This he has done during the entire period of
her ownership. Her claim, under section
1766 of the Mississippi Code of 1930, was
denied by the referee on the ground that she
was not the head of a family. The matter
comes up on a petition to review the order
of the referee.

The Bankruptcy Act does not affect the
allowance to bankrupts of exemptions, which
are prescribed by the state laws, in force at
the time of the filing of the petition in the
state wherein they have had their domicil
for the six months, or the greater portion
thereof, immediately preceding the filing of
the petition. Section 6 of the act, 11 USCA
§ 24. It is the duty of the trustee to set
apart the exemptions, and report to the
court the items and estimated value thereof
as soon as practicable after his appointment.
Section 47a (11), of the act, 11 USCA § 75
(a) (11).

The pertinent part of the state law is as
follows: "1766. *Exempt property—limita-
tion on character of personal property to be
exempt.*—Every citizen of this state, male
or female, being a householder and having a
family, shall be entitled to hold exempt from
seizure or sale under execution or attach-
ment the land and building owned and oc-
cupied as a residence by such person, not
to exceed in value, save as hereinafter pro-
vided, three thousand dollars, and personal
property to be selected by him or her not to
exceed in value two hundred and fifty dol-
lars or the articles specified as exempt to
the head of a family. * * *" Section
1766, Code 1930.

The bankrupt is unquestionably a fe-
male citizen of this state, but is she one, "be-
ing a householder and having a family?"
We are bound by the construction placed up-
on the statute by the state court of last re-
sort.

In Pearson v. Miller (1893) 71 Miss. 381,
14 So. 731, 42 Am. St. Rep. 470, in a claim
for exemption of personal property, the
court construed these words (then in section
1249, Code 1880) as follows: "A household-
er having a family may be characterized as
the head of a family occupying a house, and
living together in one domestic establish-
ment." The definition is approved in George
v. Adams, 146 Miss. 308, 315, 111 So. 829,
830. In an early case, in connection with

the qualifications of a juror, the court said that the term *householder* "means a person who has a family, whom he keeps together and provides for, and of which he is the head or master." Nelson v. State, 57 Miss. 286, 288, 34 Am. Rep. 444. The decisions are in accord with the general rule. 21 Cyc. 1113; 11 R. C. L. 502; see, also, Black's and Bouvier's Law Dictionaries.

██ It cannot be seriously contended that Mrs. Logan is the head of the family. She furnished the money to buy the store, but, after making this investment, she did nothing more. It is the general rule that the husband, and not the wife, is primarily the head of the family. Ness v. Jones, 10 N. D. 587, 88 N. W. 706, 88 Am. St. Rep. 755; Barry v. Western Assurance Co., 19 Mont. 571, 49 P. 148, 61 Am. St. Rep. 530; 25 Corpus Juris, pages 23 and 27; 11 R. C. L. page 503, § 14. See, also, notes to Wike v. Garner, 70 Am. St. Rep. 102, 107, and Wade v. Jones, 61 Am. Dec. 584, 586. There are no special circumstances to take this case out of the general rule. Instead of tending to rebut it, the evidence rather confirms the presumption that the husband here is really the head of the family. In Powers v. Sample, 72 Miss. 187, 16 So. 293, 294, the court said: "There cannot be two heads to the family, and if the appellee was the householder, the son was not."

There would be no difficulty but for the case of Partee v. Stewart (1874) 50 Miss. 717 (followed two years later in Hand v. Winn, 52 Miss. 784), wherein, under the prototype of our present statute, the court held that the wife was privileged to claim an exemption in the "land and buildings" occupied with the family, including her husband, as a residence. The court placed its decision partly upon the ground that the exemptionist was not entitled to make a selection of the homestead when several tracts are owned by the debtor, but that the law confined it to a particular one. It said: "When several separate tracts of land are owned by the debtor, the privilege of making a selection of the homestead does not exist; the law confines it to the parcel upon which the family reside, and have their domicil. Occupancy and domicil confer the privilege, which may be lost, by a removal, and acquisition of domicil elsewhere. Thoms v. Thoms, 45 Miss. 275."

The difference between the exemption of a homestead and of personal property is that in the former case the law makes the selection while in the latter it permits the head of the family to make it. There is nothing here to show that the husband is not entitled to claim or has not claimed, as exempt, household furniture or the other specific articles allowed as exempt to the head of a family. The state law only prescribes one allowance for each family, not for each member thereof. In the case of a homestead, the law fixes it as the land and buildings upon which the family resides, and, when both the husband and wife are occupying it, in marital accord, the court is not called upon to inquire which of the two holds the title or to make nice distinctions to determine who is the real head of the family, but, there being no possibility of each claiming a separate homestead, may regard such questions as immaterial in the circumstances, as exemption laws are to be liberally construed. In the case of personal property, the *householder having a family* is entitled to select the exemption from various articles or different species of property, and a person claiming the privilege to exercise the option must be one of the class to which the description applies.

In this case the wife is living with her husband, and he is the householder having a family who is vested with the discretion and is entitled to make the selection of personalty which the law provides shall be exempt from seizure or sale under execution or attachment. This view gives a construction of the above section harmonious with section 1755, Code 1930, which allows certain articles specified as exempt to "each head of a family, to be selected by the debtor." It is not conceivable that the Legislature intended to grant the exemption in one instance and to deny it in the other.

The decision of the referee is affirmed.